# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| NYE MYRICK, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendants. | Case No. 2:24-cv-00102-JAD-EJY <br><br> **ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File Motion Under Seal (ECF No. 36), which the Court construes as a Motion to Seal Plaintiff's previously filed Motion for Spoliation/Destruction of Evidence (ECF No. 28). The Court has considered the Motion and after a review of the record finds as follows.

**I.  Discussion**

The Court begins by noting the docket for this case has been something of a mess since the filing of Plaintiff's Motion for Spoliation that included exhibits and a dropbox link disclosing evidence designated "confidential" under a Stipulated Protective Order. ECF No. 28. Defendant filed a Response to Plaintiff's Motion and a Countermotion in which it sought sanctions against Plaintiff for failing to file confidential evidence under seal (ECF No. 31), as well as a sealed Motion to Seal the Response. ECF No. 32. The Court denied Defendant's sealed Motion to Seal without prejudice. ECF No. 33. A Notice of Manual Filing was also filed by Defendant (ECF No. 34). In response to the Court's Minute Order, Defendant then resubmitted its Motion to Seal with an additional section addressing the issues raised by the Court, which appears to have been erroneously docketed as a Motion to Seal the Notice of Manual Filing. ECF No 35. The Court granted this new Motion (ECF No. 36), after which Plaintiff filed the instant Motion to Seal regarding Plaintiff's Motion for Spoliation and attached exhibits.

The parties appear to need instruction regarding how and when to file motions to seal. Setting that aside, however, what is clear is that Exhibits 1, 2, and 4 as designated in Plaintiff's Motion for

Spoliation should have been filed by Plaintiff provisionally under seal concomitantly with a motion to seal. *See* LR IA 10-5. If Plaintiff did not believe there was a basis to seal, then Plaintiff's motion should have explained why he/she was nonetheless filing certain exhibits under seal. Such Motion should have asked the Court to provisionally seal while giving Defendant an opportunity to support the sealing request. Had this occurred, every filing subsequent to ECF No. 28, with the exception of Defendant's Response to Plaintiff's Motion for Spoliation, might have been avoided.

## II.   Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Spoliation (ECF No. 28) be sealed.

IT IS FURTHER ORDERED that Plaintiff **must** file a redacted version of their Motion for Sanctions such that references to confidential information is blacked out and exhibits filed under seal are referenced by placeholders. The redacted Motion **must** be filed no later than December 10, 2024.

IT IS FURTHER ORDERED that Defendant's Countermotion for Sanctions (ECF No. 31 at 14-16) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal (ECF No. 37) is DENIED as moot.

Dated this 3rd Day of December,

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE