UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NYE MYRICK,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendants. | Case No. 2:24-cv-00102-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Seal (ECF No. 72), in which Plaintiff seeks an order sealing his renewed Motion for Spoliation (ECF No. 73) and attached exhibits.[1] The Court has considered the Motion and finds as follows.

**I.  Discussion**

Courts have recognized a general right of the public to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted).  The strong presumption in favor of public access must be overcome by a party seeking to seal a judicial record. *Ctr. For Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178). Under this standard, a party must demonstrate "a compelling reason and [articulate] a factual basis . . . without relying on hypothesis or conjecture" to justify sealing court records. *Ctr. for Auto Safety*, 809 F.3d at 1096–97.  The "compelling reason" standard applies to any motion "more than tangentially related to the merits of a case." *Id*. at 1100–01. What constitutes a compelling reason is within the discretion of the District Court. *Id*. at 1097.

In the instant Motion, Plaintiff seeks to seal his renewed Motion for Sanctions and attached exhibits, which consist of two expert reports and Defendant's supplemental discovery responses. ECF No. 72 at 1.  Plaintiff does not contend that any of these exhibits are confidential or have been

---

[1] The Court previously granted a motion to seal documents relating to Defendant's camera locations.  The present Motion to Seal is broader contending Defendant seeks to seal anything related to the premises.

1

marked as such, but instead represents that the exhibits refer to and/or are based on surveillance video footage that Defendant designated as confidential under a confidentiality agreement. *Id.* at 2-3. Therefore, while Plaintiff states she disagrees that the attached exhibits actually contain confidential material, she seeks leave to file them under seal to avoid Defendant filing a countermotion for sanctions. *Id.*

This issue should have been addressed before the Motion was filed. It is not proper to ask the Court to provisionally seal a document based on a potential argument that an opposing party may eventually assert. Rather, it is the moving party that bears the burden of overcoming the presumption in favor of public access and disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Further, the marking of a document as confidential does not, without more, justify filing the document under seal. *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003)).

The parties must meet and confer regarding which, if any, portions of Plaintiff's Motion and attached exhibits contain information that warrants sealing. If agreement is reached, Plaintiff must file a joint memorandum or stipulation including sufficient reasons establishing compelling reason to seal. If the redacted version of the Motion for Spoliation is modified by agreement, the parties should file a revised redacted Motion together with a request to withdraw the previously filed Motion for Sanctions. If agreement cannot be reached, Plaintiff must work with opposing counsel to submit a single memorandum explaining each party's position on the basis for sealing the information at issue.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF No. 72) is DENIED without prejudice.

IT IS FURTHER ORDERED that the sealed version of the renewed Motion for Spoliation (ECF No. 73) and attached exhibits are and shall remain provisionally under seal.

IT IS FURTHER ORDERED that the parties must meet and confer regarding which portions of the renewed Motion for Spoliation (ECF No. 73) and attached exhibits are properly filed under

seal. If an agreement is reached, Plaintiff must refile the documents, with only the agreed upon portions of the documents redacted, along with a stipulation to seal. If the redacted version of the Motion for Spoliation is modified by agreement, the parties should file a revised redacted Motion together with a request to withdraw the previously filed Motion for Spoliation. If agreement cannot be reached, the parties must file a memorandum with the Court in which Defendant explains why sealing is justified.

DATED this 26th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3