UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NYE MYRICK,<br><br>        Plaintiff,<br><br>v.<br><br>COSCTO WHOLESALE CORPORATION, A Foreign Corporation, DOE EXMPLOYEES I through X; DOES I through X; and Roe Corporations I through X, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-00102-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Discovery Responses (the "Motion" or "Motion to Compel"). ECF No. 67. The Court reviewed Plaintiff's Motion, Defendant Costco Wholesale Corporation's[1] Response (ECF No. 68), and Plaintiff's Reply (ECF No. 69). The Court finds as follows.

## I.    BACKGROUND

Plaintiff's Motion arises from three requests for production of documents (each an "RFP") propounded on Costco. ECF No. 68. The Motion follows failed attempts to resolve this dispute through meet and confer efforts; albeit the Court believes with true efforts to find common ground resolution could have been reached.

    A.    <u>RFP No. 1</u>.

The first RFP requests "[a] copy of the site plan of the business where the SUBJECT INCIDENT occurred, which includes measurements and dimensions of all rooms, spaces and areas, including outdoor areas." *Id*. at 6. Costco objected to this RFP because the alleged fall and injury occurred at the fuel pumps rendering the "site plans" for the entire Costco property overbroad and irrelevant. ECF No. 68-7 at 3. Costco further objected raising undue burden contending a response would require disclosure of plans for the entire property regardless of relevance to the subject matter of the dispute and the production would include confidential information related to the safety and

---

[1]     Hereinafter, "Costco."

1

security of the premises. *Id*. Costco suggested that a layout of the incident area can be seen from the surveillance footage. *Id*.

After Costco's objection, Plaintiff's counsel clarified that her request was really limited to the fuel pumps—the area where the incident occurred—not the entirety of Costco. ECF No. 67 at 7. With this limitation, Plaintiff contends blueprints of the fuel pumps are relevant because they will provide greater detail about the subject incident location than what can be seen on video. *Id.* at 15. Plaintiff says the video does not show the gas attendant's location at the time of the incident or the distance between the attendant's location and where Plaintiff fell. *Id*. Plaintiff asserts the blueprints will contain specific measurements including the "width of fueling lanes, pass through lanes, hanging hardware heights, distance to adjacent pumps, and relative location of [the] truck unloading lane to the subject incident." *Id*. Plaintiff submits that the City of Henderson possess the blueprints but they are inaccessible because of copyright protection. *Id*.

Costco counters explaining that the location of the gas attendant is not shown on the blueprints. ECF No. 68 at 10. Costco also offers that the gas attendant on shift at the time of the incident was deposed and Plaintiff could have questioned him about his location at the time of her alleged fall. *Id*. Moreover, Costco points out that Plaintiff's expert attended a site inspection and was provided ample time and the ability to take measurements of the area. *Id*.

Ignoring the fact that the blueprint will not show the location of the attendant, Plaintiff replies and reiterates that the surveillance footage is inadequate because it does not provide the gas attendant's location at the time of the accident or his distance from the incident. ECF No. 69 at 2. With respect to her expert, Plaintiff says it would have been impractical for her to "recreate a site plan that is already available to Defendant." *Id*.

B.  RFP No. 21

RFP 21 arises from the deposition of Costco's 30(b)(6) and seeks production of all documentation related to seven prior alleged injuries at Costco gas stations, including incident reports, witness statements, injured party/claimant statements, Costco employee statements, and identification of the injured parties. ECF No. 67 at 10-11. There is no dispute that Costco produced a list of seven reported falls in Clark County over the last five years to which its 30(b)(6) deponent

testified. ECF No. 68 at 4, 11. The testimony and the list (referred to as a "cheat sheet") summarized each incident with the location, date and time of the incident, the claim number, a summary of what occurred, and any known injuries. *Id*.

Costco objected to Plaintiff's request asserting the documents sought are not proportional to the needs of the case spatially, temporally or factually. ECF No. 68-5. Costco averred that the request is overbroad, oppressive and unduly burdensome because it does not consider the privileged nature of these documents or whether litigation emerged from the incidents. *Id*. Finally, Costco objected to RFP 21 because a response would require the disclosure of third parties' private information. *Id*.

Plaintiff argues the requested information falls within the scope of discoverable information allowed under the Federal Rules of Civil Procedure. ECF No. 67 at 16. Plaintiff says the Court allowed for circumscribed questions about prior incidences when denying Costco's prior motion for a protective order. *Id*. at 16. Plaintiff contends the request is tailored to the 30(b)(6) deponent's responses and is significantly narrower than previous requests. *Id*. at 17. Plaintiff cites various cases in which the court has permitted similar discovery. *Id*. at 17-22. Plaintiff suggests the requested documentation was accessed by the deponent to prepare for the deposition so locating the documents should not be burdensome. *Id*. at 21.

Costco submits that to the extent the requested information is relevant to the element of notice, which is at issue in this slip and fall case, Plaintiff has received sufficient information through the deposition of Costco's 30(b)(6) witness and the produced list of events. ECF No. 68 at 11. Costco says production would reveal "information that is confidential or otherwise protected through attorney-client privilege, trade secret or other proprietary doctrine, materials made in anticipation of litigation, or concern personal information of 3rd parties not involved in this litigation …." *Id.*

Plaintiff contends she should not have to rely on Costco's "subjective recollection of the prior incidents" and, without any factual basis for the assertion, questions the accuracy of what Costco provided. ECF No. 69 at 5.

      C.     RFP No. 22.

Plaintiff's RFP 22 seeks "[d]ocumentation of … [Costco's] fueling area employee time schedules" for the week before and the week after Plaintiff's fall. ECF No. 67 at 22. Plaintiff says she propounded this request after she sought "documentation of inspection or maintenance" conducted by Costco gas attendants and Costco claimed "that it does not have documentation of inspection or maintenance but schedules 1-4 employees at any given time to 'rove' the area." *Id*. However, as Plaintiff admits, what Costco actually said was: "depending on the time of day, 1-4 gas attendants are present monitoring the pumps and roving around the area to speak to and assist customers, if needed. If there is a gas delivery, attendants will work with the driver performing the gas drop off. As attendants are present and monitoring the pumps and roving around the area, documentation of 'inspections' is not documented." *Id*. Plaintiff claims that because Costco has "no documentation of inspections," (which is not an accurate representation of fact),[2] "Plaintiff is entitled to obtain documentation of these employees who were 'roving' the area to determine how many employees were 'roving,' who they were, and what type of inspection they conducted during these shifts." *Id*. Plaintiff says the Court should "compel Defendant to respond to this request in full as Defendant has already stated it kept no documentation whatsoever of inspections …." *Id*.

Costco objected to RFP 22 stating it was "overbroad, irrelevant, and not proportional to the needs of the case" because Plaintiff's incident was a "singular non-reoccurring event and did not encompass multiple weeks of time." ECF No. 67-4 at 3. Costco also asserts that the time schedules are "trade secret, proprietary, or otherwise privileged." and Costco disclosed the identity of the only gas attendant working at the time of the incident who, again, has been deposed and could have been asked about maintenance. *Id*. Costco's Opposition to the Motion reiterates that the attendant working on the morning of Plaintiff's alleged fall was the only attendant working and argues "one employee could manage the gas station" at that time. ECF No. 68 at 12. Costco contends who and how many worked at times other than when Plaintiff alleges she fell "do not relate one way or

---

[2] As Costco explains, it "produced daily inspection logs for the date of the subject incident (and for 03/16/2022 and 03/17/2022 …) for other types of inspections conducted in the gas station area (not specific to inspections for potential hazards on the ground) …." ECF No. 68 at 12 *citing* 68-10. Whether these logs are sufficient, an issue Plaintiff does not raise, is a different question from whether the employee schedules are appropriately compelled.

4

another to who was on shift at the time of the subject incident." Finally, as explained above in n.2, Costco has produced inspection reports for the day and two days after Plaintiff's fall. See *id*.

In Reply Plaintiff does not address why the "daily inspection logs" produced are inadequate. ECF No. 69. However, for the first time Plaintiff argues the staffing within the two-week period is relevant to notice because if four employees were typically scheduled but only one scheduled on the subject incident date, this would tend to show Costco was aware that one employee was insufficient to monitor the property. *Id*. Alternatively, Plaintiff says if one employee is typically scheduled (like on the day of the subject incident), she could argue that one employee is plainly insufficient to monitor the site. *Id*.

## II.    DISCUSSION

The federal rules allow discovery of any nonprivileged matter that is relevant and proportional to the needs of the case before the court. Fed. R. Civ. P. 26(b)(1). Proportionality is a determination typically made based on six factors. These factors include: "(1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit." *Tasty One, LLC v. Earth Smarte Water, LLC*, Case No. 2:20-cv-01625-APG-NJK, 2021 WL 8572099, at *1 (D. Nev. Aug. 2, 2021).

When a party resists discovery, Rule 37 allows the requesting party to file a motion to compel. *DelVecchia v. Frontier Airlines, Inc.*, Case No. 2:19-cv-01322-KDF-DJA, 2022 WL 3143322, at *5 (D. Nev. Aug. 5, 2022) (citing Fed. R. Civ. P. 37(a)(1)). The party seeking to compel discovery has the burden of showing that the request is relevant. *Id*. That motion must contain "meaningfully developed legal arguments and specific case law." *Tasty One, LLC*, 2021 WL 8572099 at *1. Thereafter, "the party opposing discovery bears the burden of showing the disputed discovery is not relevant, a burden that is met by specifically detailing the reasons why each request is irrelevant." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, Case No. 2:17-cv-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020)*, see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad

allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

### A. RFP No. 1.

RFP No. 1, when narrowed to seek the blueprints of the fuel pumps at which Plaintiff alleges she fell on spilled gas, is proportional to the needs of this case. While the Court agrees with Costco that these blueprints will not depict where the gas attendant was at the time of the incident, the Court also finds that was not necessarily reasonable for Plaintiff's expert to do measurements during the site visit especially if blueprints provide that information with greater accuracy and more efficiency. The blueprints will depict space and location of the pumps, which has some relationship to issues in dispute; the blueprints apparently already exist; the burden of this production is slight; and Plaintiff has no way of accessing the information that is more economical. Plaintiff's Motion to Compel is granted as to RFP No. 1.

### B. RFP No. 21.

Plaintiff argues she is entitled to incident reports, various statements, and identifying information of each alleged injured party connected to seven prior incidents of falls at Clark County Costco gas pumps over the last five years. Plaintiff argues this information goes directly to notice and foreseeability—key issues in this personal injury dispute. ECF No. 67 at 16. Plaintiff received a list and summary of these incidents; however, Plaintiff says it is entitled to all the information requested because "Plaintiff should not be forced to rely on a subjective account of the past incidents but is entitled to know what actually occurred, not Defendant's interpretation that could potentially be rife with bias." ECF No. 69 at 5-6.

The Court begins by addressing Plaintiff's argument regarding reliance on Defendant for information. Defense counsel are officers of the court and their representations are taken as true in the absence of any reason to question what they have proffered. Doubting the veracity of what they have disclosed alone does not entitle Plaintiff to these documents. *See Scott v. Palmer*, Case No. No. 1:09-cv-01329-LJO-SKO (PC), 2014 WL 6685810, at *3 (E.D. Cal. Nov. 26, 2014) ("Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient.").

Further, the Court reviewed each of the seven incidents noted on the list provided to Plaintiff and evaluated each separately for purposes of proportionality. Three of the seven incidents listed by Costco took place at Warehouse No. 737 ("Centennial") in 2017, 2018, and 2021 respectively; two incidents took place at Warehouse No. 685 ("Summerlin") in 2018 and 2019 respectively; and one incident took place at Warehouse No. 563 ("Las Vegas BC") in 2021. ECF No. 68-9. Plaintiff alleges that she was injured "on or about March 15, 2022" at the Costco gas station located at 3411 St. Rose Parkway (SW Henderson). ECF No. 19 at 3. The one incident on the list not cited above occurred at Warehouse No. 1320 (SW Henderson) in 2019. ECF No. 68-9. Plaintiff's Motion does not address how the six incidents over five years that occurred at Costco gas stations years before Plaintiff's fall, at locations other than the Henderson location where she fell, would tend to demonstrate that in March 2022 Costco was on notice that patrons at their fuel pumps may spill gas causing customers to fall. The lack of temporal proximity of events in 2017 through 2019 compel a contrary conclusion especially given that there were only four such incidents over a three year period. Two incidences at locations other than the Henderson location in 2021 do not yield a different result. Indeed, these facts are dramatically unlike the facts in *Pham v. Wal-Mart Stores, Inc*, 2011 U.S. Dist. LEXIS 130038 (D. Nev. 2011), on which Plaintiff relies, in which the court had before it evidence that there had been "19,469 claims" across the United States in Walmart and Sam's Club stores. *Id*. at \*5. Further, the *Pham* decision and all other cases Plaintiff cites (some of which are from out of district) were all decided before the 2015 amendment to Fed. R. Civ. P. 26 requiring a proportionality analysis.

With respect to the one case in which there was a fall at the Costco in Henderson, which occurred in 2019, the Court finds tangential, potential relevance. In that case, the customer who slipped had caused the spill when he was pumping gas. ECF No. 68-9 at 3. These facts are distinct from the events in this case where the customer before Plaintiff caused the spill. When this distinction is considered together with the three year separation of events, the Court concludes there is, at very best, minimal proportionality for the discovery requested. The Court finds, given the dissimilarity of the events and lack of temporal proximity, names and contact information of injured parties and Costco employees is unwarranted as this information will not tend to prove notice.

7

However, the Court orders Costco to produce the incident report, witness statements, and injured party statement, with names and other personal identifying information redacted, for the September 2019 incident at the Henderson location. This will allow Plaintiff to analyze the only incident that arguably could have some slim chance of relevance to notice.

C. RFP No. 22.

Plaintiff's RFP No. 22 seeks employee time schedules for the one week before and through the one week after she fell. Other than conclusory statements, Plaintiff's Motion fails to provide any analysis demonstrating how this information is proportionate to Plaintiff's claims. ECF No. 67 at 23. Plaintiff says Costco has no documents relating to inspections, but this is not quite true. *See* ECF No. 68-10 at 11. Further, Plaintiff, whose burden it is to offer the Court meaningfully developed arguments demonstrating an order to compel is properly given, relies only on the allegation that Plaintiff is entitled to know who conducted undocumented inspections. ECF No. 67 at 23. While in her Reply, Plaintiff says for the first time that staffing within the two week period is relevant to notice because if four employees were typically scheduled but only one scheduled on the subject incident date this might show Costco had an insufficient number of employees monitoring the gas pumps (ECF No. 69 at 13), Plaintiff does not explain why she failed to obtain this information from Costco's 30(b)(6) witness or even why she did not ask the attendant on duty the day of her fall how many people he/she usually works with on weekday mornings.

The Court further notes that Costco states the gas attendants "monitor… the pumps and rove[] around the area to speak to and assist customers." *Id*. at 11; ECF No. 67-3 at 9. Plaintiff offers nothing to suggest Costco's gas attendants have any "inspection" obligations. Is there a job description? Was one requested before discovery closed after fourteen month? Did Plaintiff ask the attendant who was working when she fell whether he inspected the pump or was required to do so? Plaintiff offers nothing to suggest that the alleged failure to keep records of inspection by gas attendants was, in fact, a failure and, other than what Costco describes as produced, offers no information about what efforts she made to obtain inspection and or maintenance information from what presumably are those who have such responsibility.

The totality of Plaintiff's argument fails to demonstrate how schedules of employees who are not documented to have any "inspection" responsibilities is proportional to the needs of this case. Accordingly, the Court finds that Plaintiff has failed to show why she is entitled to this information through a "meaningfully developed legal argument." *Tasty One, LLC*, 2021 WL 8572099 at *1.

### III.   ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Responses (ECF No. 67) is GRANTED in part and DENIED in part as follows.

IT IS FURTHER ORDERED that with respect to RFP No. 1, Defendant must provide Plaintiff access to blueprints for the 3411 St. Rose Parkway Costco Gas Station.  Since these blueprints are copyright protected, they are to be produced as Confidential, and may only be used for purposes of this matter, and if produced to the Court must be done under seal.  The request to compel a response to RFP No. 1 is otherwise DENIED.

IT IS FURTHER ORDERED that with respect to RFP No. 21, Defendant must provide Plaintiff with the incident report as well as any witness statements, injured party statements, and/or Costco employee statements from the incident identified as Claim No. 003632-560934-GB-01 in ECF No.68-9.  These documents must be redacted to remove names and identifying information located therein.  The request to compel a response to RFP No. 21 is otherwise DENIED.

IT IS FURTHER ORDERED that the request to compel a response to RFP No. 22, is DENIED.

Dated this 23rd day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE