UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NYE MYRICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSCTO WHOLESALE CORPORATION,<br>A Foreign Corporation, DOE EXMPLOYEES<br>I through X; DOES I through X; and Roe<br>Corporations I through X, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-00102-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Defendant Costco Wholesale Corporation's[1] Motion for Protective Order Re Deposition of Delia Crocker ("Motion for Protective Order") (ECF No. 60) and Plaintiff's Renewed Motion for Spoliation/Destruction of Evidence and Evidentiary Sanctions (the "Renewed Motion") (ECF No. 73 sealed; ECF No. 82 unsealed). The Court reviewed the parties' respective Motions, Oppositions, and Replies. The Court finds as follows.

**I.    RELEVANT BACKGROUND**

This matter arises out of Plaintiff's slip and fall at a Costco gas station in Henderson, Nevada. *See generally*, ECF No. 19. Broadly, Plaintiff contends Costco failed to properly "inspect and maintain its property," "knew or should have known" about gas spilled by a customer (an "unsafe walking … condition") on which Plaintiff slipped, and failed to warn Plaintiff about the dangerous condition resulting from the spill. *Id.* at 4. Plaintiff sought production of surveillance footage of her alleged slip and fall; however, the video Costco produced repeatedly skipped and did not capture Plaintiff's fall.

After this production, Plaintiff filed a Motion for Spoliation arguing Costco "produced edited, altered or modified video of the subject incident." ECF No. 28 at 12. On March 6, 2025, the Court denied the Motion finding Plaintiff failed to present evidence that Costco engaged in any action or inaction that supported a finding of spoliation. ECF No. 54.

---

[1]　　Hereinafter "Costco."

1

On June 27, 2024, Plaintiff deposed Costco's Federal Rule of Civil Procedure 30(b)(6) witness on the following topics:

> 1. Location of all video surveillance cameras in gas station area at subject Costco store on date of incident;
>
> 2. Who downloaded/copied video produced on this case/date video was downloaded/copied for this litigation and procedure(s) for downloading video of subject incident; and,
>
> 3. Reason(s) subject fall of Plaintiff was not captured on video produced by Defendant.

ECF No. 60-6. In preparation for his testimony Costco's 30(b)(6) witness, Michael C. De Baca, spoke with Delia Crocker, Costco's corporate buyer of security and CCTV equipment. ECF No. 62 at 17-18; ECF No. 60 at 6. Specifically, in response to questions posed by Plaintiff's counsel, Mr. De Baca testified that Ms. Crocker told him that ADT installed the surveillance camera system at the Henderson Costco where Plaintiff alleges she fell, that this occurred before the store opened, and while he did not know, Ms. Crocker might (1) know which ADT office installed the cameras, (2) know what software was used for the surveillance system, and (3) have documents to support his testimony that "updating the surveillance program may cause cameras to skip." ECF No. 6 at 6 (summarizing testimony).

Subsequently, Plaintiff asked Costco to provide dates to depose Ms. Crocker, and supplement its previously produced documents with all video related to Plaintiff's fall. ECF No. 64 at 5. Plaintiff also obtained a supplemental report from her expert regarding whether video from other cameras in the gas station "would have captured Plaintiff's fall." *Id*. With respect to Plaintiff's request for additional video, Costco stated the "footage from the camera produced was the only view that would have captured the subject incident. If multiple cameras would have captured the incident, those views would have been retained." ECF No. 65-1 at 4. With respect to deposing Ms. Crocker, the parties met and conferred, but no agreement was reached. ECF No. 64 at 5-6. On April 8, 2025, Plaintiff served a Notice of Taking Video-Conference Deposition of Delia Crocker under inapplicable Nevada Rules of Civil Procedure 26, not under Federal Rule of Civil Procedure Rule 30 or as a 30(b)(6) witness. ECF No. 60-2.

## II. The Parties' Arguments

### A. Costco's Motion for Protective Order.

Costco submits there is good cause for the Court to grant a protective order preventing Ms. Crocker's deposition. ECF No. 60 at 8. Costco asserts "Ms. Crocker is not an identified witness by the parties; is not a fact witness to the subject incident; has no knowledge of the subject incident; [and] is not an FRCP30(b)(6) witness for Defendant." *Id*. Costco argues its 30(b)(6) witness previously testified to the four topics it believes Plaintiff seeks to inquire into with Ms. Crocker and, because Ms. Crocker was identified by Costco's original 30(b)(6) witness as potentially having information he did not, her deposition is "effectively a[] … 30(b)(6)" deposition. *Id*. To this end, Costco complains Plaintiff has not provided notice of the topics on which she seeks to depose Ms. Crocker and, therefore, has denied Costco an opportunity to object to those topics. *Id*. Costco concludes it would be improper to depose Ms. Croker as a 30(b)(6) witness or a non-30(b)(6) witness because she lacks knowledge of the subject incident and her testimony will be duplicative. *Id*. at 10.

Plaintiff responds and argues that deposing Ms. Crocker falls within the scope of discovery allowed under the Federal Rules of Civil Procedure. ECF No. 64 at 8. Plaintiff says that Ms. Crocker has relevant knowledge because Costco's 30(b)(6) witness testified she may know the answers to questions about the surveillance system at the Costco gas station where Plaintiff fell. *Id*. Plaintiff asserts Ms. Crocker's testimony will not be duplicative because Plaintiff is seeking the answers to questions the 30(b)(6) witness could not answer. *Id*. Despite seeking answers to questions posed to Costco's 30(b)(6) witness, Plaintiff submits she is not required to identify the topics for Ms. Crocker's testimony because she is not being deposed as a 30(b)(6) witness. *Id*. Nonetheless, Plaintiff admits that during the two meet and confers with Costco, Plaintiff explained her intent to depose Ms. Crocker on the gaps of the 30(b)(6) witness including (1) which ADT office installed the cameras, (2) the software used for the surveillance system, and (3) any documentation that exists to support the 30(b)(6) witness's testimony for why a surveillance camera may "skip." *Id*. at 9. Plaintiff claims this information is "vital" to its Renewed Motion for Spoliation. *Id*.

Costco replies that Plaintiff fails to provide any basis for knowing if or to what extent Ms. Crocker knows about the sought after information. ECF No. 66 at 4 (ignoring the 30(b)(6) testimony

3

identifying her as a potential source of such information). Costco argues, without explaining the basis for its argument, that when its 30(b)(6) witness testified that Ms. Crocker might be able to answer questions he could not, the testimony was not given in his capacity as a 30(b)(6) witness.[2] Finally, Costco says Plaintiff has not shown how the requested information—what ADT office installed the system, what software the cameras used, and any documentation on the cause of skipping—would assist in proving spoliation occurred. *Id.*

   B. <u>Plaintiff's Renewed Motion for Spoliation</u>.

Plaintiff contends a finding of spoliation is proper because her expert "estimates" that cameras in the Costco gas station would have captured Plaintiff's fall and video from those cameras was not saved. Plaintiff makes this assertion despite Costco's statement that it saved and produced video from the "only view that would have captured the subject incident." Nonetheless, the expert opined that "additional pertinent surveillance video would have been captured on at least 3 additional cameras." ECF No. 73 at 4. The expert based his conclusion on an estimate of what each camera at the gas station would have captured. *Id.* However, Plaintiff's expert has no information from the actual view of each camera because when he conducted a site visit, Costco's security manager was not available to show him the live feed from the cameras. *Id.* Plaintiff's expert never returned to Costco to consult with the security manager (nor is there any evidence that he requested to do so), but instead chose to rely on the view from the footage produced from which he extrapolated the views he opines would have been seen from other cameras at the Costco gas station. *Id.*

Based on his estimate, Plaintiff's expert opined three cameras would have shown the gas attendant's location and response to Plaintiff's incident, and one of the three cameras would have captured Plaintiff's alleged slip and fall from a different angle. *Id.* at 7. The expert also opined that industry standard calls for the preservation of all surveillance video for at least one hour prior to and after an incident. *Id.* Relying on these opinions, Plaintiff argues Costco spoliated relevant video footage because it was on notice of litigation but only preserved a defective video from one camera. *Id.* at 13. Plaintiff contends she is prejudiced by the failure to preserve other video because

---

[2] There is no representation by Costco that it objected to questions Plaintiff now seeks answered by Ms. Crocker as outside the subject matter of the 30(b)(6) topics; nor is there a statement that the witness's testimony was given in his personal, not representative, capacity.

"Defendant's experts are now arguing that Plaintiff did not fall." *Id.* at 14. Plaintiff requests evidentiary sanctions to preclude Costco from arguing or offering evidence that (1) Plaintiff did not fall landing on her hand, and (2) there was adequate staffing at the subject Costco gas station. *Id.* at 18. Plaintiff avows that a jury instruction would be inadequate to cure her prejudice. *Id.* at 12.

Costco responds that Plaintiff has not demonstrated spoliation. ECF No. 92 at 8-9. Costco states its 30(b)(6) witness testified that the gas station's "cameras were not working and did not actually capture the footage Plaintiff believes to have been destroyed."[3] *Id.* at 8. Costco submits that Plaintiff has "zero evidence" that video footage she wishes existed did in fact ever exist. *Id.* In the absence of such video ever existing, there can be no finding that Costco destroyed, altered, or lost relevant evidence. *Id.*

Costco further argues that Plaintiff has not shown prejudice. *Id.* at 9. Costco clarifies that it will not offer argument based on what is or is not shown on the video; instead, Costco will present evidence that at the time of "the alleged fall Plaintiff did not tell the attendant she had fallen." *Id.* at 9-10. Costco says that what it intends to argue is supported by the statement of the gas attendant employee. *Id.* at 10. Costco asserts there is no evidence of a culpable state of mind because no footage Plaintiff contends was spoliated ever existed in the first place. *Id.* at 10. Costco seems to think Plaintiff wants to preclude it from introducing evidence that the gas nozzle was not defective and the customer who spilled gas at the pump before Plaintiff arrived failed to make a reasonable effort to inform Costco of the spill. *Id.*

Plaintiff's Reply concludes she produced evidence that spoliation occurred and repeats the legal arguments from her initial Motion. ECF No. 95.

### III.   LEGAL STANDARD

**A.   Costco's Motion for Protective Order to Prevent Ms. Crocker's Deposition.**

The scope of discovery is broad, but it is not without limit. *See e.g. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Rule 26 permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P.

---

[3] Costco does not attach this deposition as an exhibit to its Opposition (ECF No. 92) or direct the Court to where this information may be found.

26(b)(1). "Broad discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (internal citations omitted).

Courts may issue a protective order upon a showing of good cause to prevent annoyance, embarrassment, oppression, or the undue burden or expense of discovery. Fed. R. Civ. P. 26(c)(1). This rule is designed to allow for "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). District courts have wide discretion in determining what constitutes good cause and to accordingly fashion a protective order. *Swenson v. GEICO Casualty Company*, 336 F.R.D. 206, 209 (D. Nev. 2020), *objections overruled*, Case No. 2:19-cv-01639-JCM-NJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020).

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The moving party must demonstrate a particular need for protection with specific facts, rather than broad allegations of harm. *Swenson*, 336 F.R.D. at 208-09. However, when the underlying discovery request is "overly broad on its face or when relevancy is not readily apparent" then "the party seeking discovery has the burden to show the relevancy of the request." *Heyman v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, Case No. 2:15-cv-01228-RFB-GWF, 2017 WL 4288699, at* 8 (D. Nev. Sept. 27, 2017).

B.     Plaintiff's Renewed Motion for Spoliation.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at *5 (D. Nev. Apr. 2, 2012) (citing *United States v. Kitsap Physician Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002). The party seeking sanctions has the burden of proving "by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence." *U.S. E.E.O.C. v. Wedco, Inc.*, Case No. 3:12-cv-00523-RCJ-VPC, 2014 WL 4635678, at *2 (D. Nev. Sept. 15, 2014), *citing LaJocies v. City of N. Las Vegas*, Case No. 2:08-cv-00606-GMN-GWF, 2011 WL 1630331, at *1 (D. Nev. Apr. 28, 2011). The threshold question is whether relevant evidence

existed. *Patton v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-02142-GMN-VCF, 2013 WL 6158467, at *3 (D. Nev. Nov. 20, 2013). Proving spoliation requires proof of more than just speculation. *Reinsdorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 631 (C.D. Cal. 2013); *Wedco, Inc.*, 2014 WL 4635678 at *4 ("A party moving for spoliation sanctions is not entitled to have the Court agree with broad inferences of spoliation based on nothing more than speculation). If no relevant evidence existed, then the motion for spoliation is moot. *Burton v. Walgreens Co.*, Case No. 2:14-cv-84-JCM-VCF, 2015 WL 4228854, at *2 (D. Nev. July 10, 2015).

## IV.  DISCUSSION

### A.  The Motion for Protective Order is Denied.

The Court finds that Costco has not demonstrated good cause for a protective order. Plaintiff does not seek a second 30(b)(6) deposition, but the deposition of a fact witness who may have knowledge that Costco's 30(b)(6) witness did not have. Plaintiff timely noticed the deposition, has not exhausted the number of deposition to which she is allowed, and has identified the areas into which she will inquire demonstrating the deposition will not be duplicative. Having identified the subject matters, which Plaintiff did not have to do, she reduces the burden on Costco. Costco has not demonstrated, with specific facts, what harm it will suffer if the deposition goes forward. That is, while Costco argues that the subject matter of a 30(b)(6) deposition has not been identified, Plaintiff is clear that the testimony she seeks from Ms. Crocker is not as Costco's corporate representative, but as a standard fact witness. Ms. Crocker's deposition will not bind Costco, and Costco need not prepare her as it would for a Fed. R. Civ. P. 30(b)(6) deposition. Ms. Crocker must testify truthfully to what she knows and remembers, but has no duty to gather information in preparation for the deposition. *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) (quoting *Sabre v. First Dominion Cap., LLC*, Case No. 01-0214, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001)) (a Rule 30(b)(6) deposition differs from a fact witness deposition in that the designated witness "testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."). Finally, the Court notes that well settled law establishes Costco does not get to unilaterally define what is relevant (*Brown v. Stroud*, Case No. C-08-02348-VRW (DMR),

7

2010 WL 3339524, at *7 (N.D. Cal. Aug. 24, 2010) (internal citation omitted)), and while the Court finds the topics on which Plaintiff seeks to inquire of Ms. Crocker to have little to do with whether Costco should have saved video from cameras it says did not capture the pump at which Plaintiff fell, a proportionality analysis does not support the request for a protective order.

Ms. Crocker's deposition must be set on a mutually convenient date for no later than October 24, 2025. The deposition is to commence no earlier than 9 a.m. and conclude no later than 5 p.m. It is not a 30(b)(6) deposition.

      B.      <u>Plaintiff's Renewed Motion for Spoliation</u>.

The factual gravamen of this Motion hinges the "informed estimate" of Plaintiff's expert that video Costco states never existed was, in fact, spoliated. *See* ECF No. 73 at 4. That is, Costco does not contend video was reviewed, but showed nothing and therefore destroyed; instead, Costco is unequivocal that the cameras identified by Plaintiff's expert did not and would not capture the gas pump at which Plaintiff alleges she fell. ECF No. 65-1 at 4. Thus, even if "informed," Plaintiff's expert relies on opinion, not fact, that the other surveillance cameras would have captured a similar view to the one produced. In *Kinnally v. Rogers Corp.*, Case No. CV-06-2704-PHX-JAT, 2008 WL 4850116, at *6 (D. Ariz. Nov. 7, 2008), the court noted and rejected the argument that the "mere lack of production" was sufficient to establish spoliation. The court found "allegations contain[ing] only an *inference* that evidence may have been destroyed" was insufficient because "the burden for showing destruction of relevant evidence should require more than a suggestion or implication." *Id*. The court in *Kinnally* cited *FMC Technologies, Inc. v. Edwards*, Case No. C05-946C, 2007 WL 1725098, at *10 (W.D. Wash. 2007), in which the court stated that in the absence of clear evidence of spoliation, the question was a matter of witness credibility to be left to the jury. An assumption, even if made by an expert, does not demonstrate by a preponderance of evidence that spoliation occurred. *Id*.

Here, Plaintiff has not produced any evidence that video existed and was altered or destroyed. Rather, Plaintiff offers the opinion of an expert, who extrapolated from the video Costco produced, that other video would have shown Plaintiff's fall. The opinion of Plaintiff's expert is no more compelling that Costco's clear statement that there was no other video that captured the pump at

8

which Plaintiff says she slipped and fell. *Id*. (stating the court could not "find [p]laintiffs' assertions any more or less credible than [d]efendants' explanations for the 'missing' data"). Under the circumstances here, the Court finds Plaintiff has not demonstrated Costco destroyed any relevant evidence, and therefore does not demonstrate a failure to preserve relevant evidence for Plaintiff's use in pending litigation. Plaintiff's claim of spoliation is not supported as it must be in order for the Court to sanction Costco.

## V.     ORDER

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion for Protective Order Re Deposition of Delia Crocker (ECF No. 60) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer to agree on a date for the deposition of Delia Crocker, which must occur through videoconference on a date no later than October 29, 2025. The deposition is limited to the subject matters identified by Plaintiff (and reasonably attendant inquires). The deposition must commence no earlier than 9 a.m. and end no later than 5 p.m. on the date selected. The deposition is not a Fed. R. Civ. P. 30(b)(6) deposition and, therefore, Costco is not required to prepare Ms. Crocker for such deposition.

IT IS FURTHER ORDERED that Plaintiff's Renewed Motion for Spoliation/Destruction of Evidence and Evidentiary Sanctions (ECF Nos. 73 and 82) are DENIED.

Dated this 30th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

9