UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nye Myrick,<br><br>　　　　Plaintiff<br><br>v.<br><br>Costco Wholesale Corporation,<br><br>　　　　Defendant | Case No.: 2:24-cv-00102-JAD-EJY<br><br>**Order Sustaining in Part Plaintiff's Objections, Reversing in Part Magistrate Judge's Order on Motion to Compel, and Remanding Magistrate Judge's Order on Spoliation**<br><br>[ECF Nos. 113, 114, 119, 121] |

　　　Nye Myrick sues Costco Wholesale Corporation after she slipped on a gasoline spill at a Costco gas station in Henderson, Nevada. After Costco's person-most-knowledgeable witness testified at his deposition that seven similar incidents occurred at Las Vegas-area Costcos over the last five years, Myrick requested production of all documentation related to those injuries, including "incident reports, witness statements, injured party/claimant statements, Costco employee statements, and identification of the injured parties."[1] Costco objected to that request, so Myrick moved to compel production.[2] The magistrate judge denied Myrick's motion as to six of the seven incidents because that discovery was not proportional to the needs of this case.[3] But she granted the motion as to the one incident that also occurred at the Henderson Costco, though she allowed Costco to redact identifying information because even that incident was only loosely relevant to Myrick's notice arguments.[4] Myrick objects to that ruling.[5]

---

[1] ECF No. 113 at 2.
[2] ECF No. 67.
[3] ECF No. 113.
[4] *Id.*
[5] ECF No. 121.

The parties are also locked in a dispute about the availability and quality of video surveillance Costco maintained at the Henderson gas station. Costco produced one video of the incident, but that video repeatedly skipped and didn't capture Myrick's fall. Myrick moved for spoliation sanctions against Costco, arguing that the video was edited, altered, or modified, but the magistrate judge denied that motion because Myrick didn't show that Costco was in any way responsible for the video quality. Myrick then sought footage from other cameras in the area, but Costco maintained that the video that they did produce is from the only camera that "would have captured the subject incident" and it refused to produce footage from other cameras.[6] Myrick again moved for spoliation sanctions, arguing that there are 18 cameras at the gas station and Costco should have preserved their footage because they could show relevant information.[7] The magistrate judge denied that motion too, finding that Myrick hadn't shown that any of the other videos would have contained discoverable information. Myrick objects to that ruling.[8]

      I reverse in part the magistrate judge's order on Myrick's motion to compel. Although judges have significant discretion to limit discovery, I find that Myrick is entitled to the requested discovery as it pertains to five additional incidents that were substantially similar to Myrick's fall. And I conclude that redaction of names is unnecessary, but Costco may redact personal identifying information like phone numbers and addresses.

      I also remand for reconsideration of Myrick's objection on the spoliation issue. As a result of other magistrate-judge rulings, Myrick received discovery about the surveillance

---

[6] ECF No. 65-1 at 4.
[7] ECF No. 73.
[8] ECF No. 114.

cameras after the spoliation issue was presented to the magistrate judge that may warrant reconsideration of those rulings.

## Discussion

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9]  This standard of review "is significantly deferential" to a magistrate judge's determination.[10]  A district court may overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[11] or a relevant statute, law, or rule has been omitted or misapplied.[12]

**A.  Denial of Myrick's motion to compel discovery on some similar incidents at other Costco gas stations was error.**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  To determine proportionality, courts may consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

---

[9] L.R. IB 3-1(a).

[10] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[11] *Id.* (internal quotation marks omitted).

[12] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

likely benefit."[13]  Information "need not be admissible in evidence to be discoverable."[14]  "Broad discretion is vested in the trial court to permit or deny discovery . . . ."[15]

### 1. The magistrate judge concluded that Myrick's discovery requests are not proportional to the needs of the case.

After Costco's person-most-knowledgeable witness testified that there were seven similar incidents at Costco gas stations in Las Vegas within the last five years, Myrick requested all documentation related to those incidents, including incident reports, witness statements, injured party/claimant statements, Costco employee statements, and identification of each injured party.[16]  When Costco objected to the request, Myrick filed a motion to compel those responses.  The magistrate judge denied the motion.  She explained that six of the seven incidents occurred at different Costco locations than the Henderson location where Myrick fell and they occurred years prior to her March 2022 accident.[17]  Only one incident on the list occurred at the same Henderson location, but it took place three years before Myrick's fall.[18]  The magistrate judge concluded that Myrick's "motion does not address how the six incidents over five years that occurred at Costco gas stations years before [her] fall, at locations other than the Henderson location where she fell, would tend to demonstrate that in March 2022 Costco was on notice that

---

[13] Fed. R. Civ. P. 26(b)(1).

[14] *Id.*

[15] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up).

[16] ECF No. 121 at 4.

[17] ECF No. 113 at 7 (finding that three falls occurred at the Centennial Costco location in 2017, 2018, and 2021, two falls occurred at the Summerlin location in 2018 and 2019, and one took place at the "Las Vegas BC" location in 2021).

[18] *Id.*

4

patrons at their fuel pumps may spill gas causing customers to fall."[19]  She also found that Myrick's cases in support of production contained "dramatically" different facts and were decided "before the 2015 amendment to [FRCP] 26 requiring a proportionality analysis."[20]

With respect to the 2019 incident at the Henderson location, however, the magistrate judge granted Myrick's motion to compel in part.  She noted that there were significant differences between that incident and Myrick's but concluded that "there is, at very best, minimal proportionality for the discovery requested."[21]  But because of "the dissimilarity of the events and lack of temporal proximity, names and contact information of injured parties and Costco employees is unwarranted as this information will not tend to prove notice."[22]

Myrick's objection to the magistrate judge's order relies on three main arguments.  First, Myrick contends that the judge's rulings are inconsistent with a prior ruling in which she ordered that Costco's 30(b)(6) witness must be prepared to testify about prior incidents at Las Vegas Costcos within a five-year period.  Second, Myrick argues that caselaw supports the conclusion that her sought discovery is "appropriate and reasonable discovery to be sought in premise-liability cases."[23]  And third, Myrick insists that the magistrate judge overlooked other relevant purposes for the information by focusing only on notice, contending that because one of her "main claims goes to adequacy of staffing at this high-volume Costco," more detailed

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] ECF No. 116 at 8 (cleaned up).

5

information about the other incidents could "reveal such similar problems at these other Costco gas stations."[24]

### 2. *Myrick is entitled to evidence related to six of the seven Costco gas-station incidents referenced during the Costco witness's testimony.*

Although judges are given discretion to govern the scope of discovery, I find that limiting Myrick to information pertaining only to one of the seven incidents Costco's witness testified about at his deposition was too restrictive. Courts that have considered whether a slip-and-fall plaintiff is entitled to discovery on other substantially similar incidents at the defendant's stores generally allow that discovery for a period of three to five years, limited to stores within the same geographic area of the plaintiff's injury.[25] I find that the same latitude should be afforded to Myrick here. The magistrate judge already limited Costco's obligation to provide deposition testimony related to incidents within the last five years at Clark County Costco gas stations in which the incident related to "the spilling of gas on the ground."[26] Costco averred through its witness that only seven incidents were responsive to that limitation.

Upon review of the summaries of those incidents, I find that most of them are substantially similar to Myrick's allegations. Five of the seven are incidents in which a Costco member slipped in a puddle of gasoline left by another member who filled up minutes before the

---

[24] *Id.* at 9.

[25] *See, e.g.*, *Alcantra v. Bodega Latina Corp.*, 2020 WL 1692957, at *3 (D. Nev. Apr. 7, 2020); *Kulakowski v. Royal Caribbean Cruises, Ltd.*, 2016 U.S. Dist. Lexis 201242, at *6–7 (S.D. Fla. Nov. 2, 2016); *Trujillo v. Princess Cruise Lines, Ltd.*, 2021 WL 3604518, at *6 (C.D. Cal. Apr. 23, 2021); *Daccache v. Sprouts Farmers Market*, 2024 WL 5109385, at *3 (D. Nev. Dec. 11, 2024); *Carreon v. Smith's Food & Drug Stores*, 2019 WL 13210889, at *3 (D. Nev. Feb. 26, 2019).

[26] ECF No. 44 at 20:15.

person who slipped got out of their car.[27]  Whether one of Costco's attendants was able to timely respond to those spills may be relevant to Myrick's theory that Costco does not adequately staff its gas stations to mitigate the likelihood of injuries caused by gas spills.[28]  The minimal burden on Costco to produce responsive documents on those incidents does not outweigh their relevance.  So I reverse the magistrate judge's decision as to those five incidents.

I also conclude that Costco may not redact the names of the Costco personnel and members involved in those incidents because it has not provided a cogent reason why such redaction is necessary.  But I do permit Costco to redact any personally identifiable information, like dates of birth, phone numbers, and addresses, because the relevance of that information is minimal at best.  And I affirm the magistrate judge's decision that the incident that occurred in 2017 at the Centennial location is not relevant to this action.  It is too remote in time and the facts surrounding the member's fall in that case are not similar to the facts alleged here.[29]  So Costco need not produce evidence related to that incident.

**B.    The magistrate judge's order on spoliation is remanded for further consideration.**

The magistrate judge also denied Myrick's motion for spoliation sanctions related to Costco's production of video surveillance related to the incident.  Myrick objects to that conclusion in part because it was premature.  The magistrate judge had allowed Myrick to depose an additional Costco witness, Delia Crocker, about the surveillance system and granted Myrick's motion to compel disclosure of site plans that she sought because they would show

---

[27] *See* ECF No. 121-1.

[28] In coming to this conclusion I do not express any opinions on the merits of Myrick's theories.

[29] *See* ECF No. 121-1 at 2 (describing incident in which gas pump did not turn off and member fell in gasoline overflowing from her car).

where the relevant surveillance cameras were placed.[30] Myrick hadn't received that discovery or deposed that additional witness when the magistrate judge ruled on the spoliation issue. And I note that Myrick has since filed another motion to compel an additional deposition of Crocker because Costco's counsel instructed her not to answer several questions related to the surveillance system.[31]

I find that the most judicially economical path forward under these circumstances is to remand the spoliation issue back to the magistrate judge for reconsideration in light of these evidentiary developments. The magistrate judge may wish to order supplemental briefing or a hearing to consider how those developments may impact her initial spoliation analysis.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Nye Myrick's objection to the magistrate judge's order (ECF No. 113) granting in part Myrick's motion to compel **[ECF No. 121] is SUSTAINED in part.** Costco must produce the requested discovery on each incident listed in the summary at ECF No. 121-1, with the exception of the incident that occurred at the Centennial location on July 11, 2017. Costco may redact personally identifiable information contained in that discovery, like dates of birth, phone numbers, and addresses, but may not redact the names of Costco employees or members.

IT IS FURTHER ORDERED that Myrick's objection to the magistrate judge's order (ECF No. 114) denying Myrick's motion for spoliation **[ECF No. 119] is SUSTAINED in part.** The magistrate judge's order **[ECF No. 114] is VACATED, and the spoliation issue is**

---

[30] ECF No. 114.
[31] ECF No. 137.

**REMANDED** back to the magistrate judge for further consideration in light of the evidentiary developments related to Costco's video surveillance.

_____
U.S. District Judge Jennifer A. Dorsey
December 5, 2025